[No. S018815. June 5, 1997.]

In re VIOLET ELIZABETH GRAYSON on Contempt.
THE PEOPLE, Plaintiff, v.
RAYMOND ANTHONY GURULE, Defendant.

■■■■■■■■■■■■■■■■■

COUNSEL

Violet Elizabeth Grayson, in pro. per.

OPINION

THE COURT.—In 1989, in San Mateo County Superior Court, Raymond Anthony Gurule was sentenced to death after being convicted by a jury of first degree murder with special circumstances. On September 9, 1993, this court appointed Violet Elizabeth Grayson as counsel on appeal for appellant in the automatic appeal, *People* v. *Gurule* (S018815, app. pending). The trial generated a record of 25,489 pages, including a 16,796-page reporter's transcript and a 8,693-page clerk's transcript. After corrections and augmentations, the record was certified and filed with this court on or about May 16, 1995.

This court informed Grayson by letter dated May 16, 1995, that the record had been certified and filed with this court, and the appellant's opening brief was due on June 26, 1995. This court thereafter granted requests for extensions of time to file appellant's opening brief on June 16, 1995, August 9, 1995, October 27, 1995, and December 22, 1995.

On April 22, 1996, we granted Grayson's fifth application for an extension of time to file the opening brief to and including May 28, 1996, but stated in our order: "The court will not grant any further applications to extend time to file the opening brief absent a convincing showing of substantial progress on that brief."

On June 12, 1996, we granted a sixth extension of time to file the opening brief to and including July 27, 1996, but stated in our order: "No further extensions of time *are contemplated.*" (Italics added.)

On August 12, 1996, we granted a seventh extension of time to file the opening brief to and including September 25, 1996, but stated in our order: "No further extensions of time *will be granted.*" (Italics added.)

On September 26, 1996, Grayson filed her eighth application for an extension of time to file the appellant's opening brief. We denied the application on October 3, 1996.

■■■ This court issued an order on April 23, 1997, directing Grayson to file appellant's opening brief on or before May 16, 1997, or "the court will

consider issuance of an order directing counsel Violet E. Grayson to show cause before this court . . . why counsel should not be held in contempt of court. . . ." At that time, the appellant's opening brief was almost seven months in default. Grayson did not file the brief by the close of business on May 16, 1997.

On May 21, 1997, this court issued an order to show cause why Grayson should not be held in contempt of court for failing to comply with the court's April 23, 1997, order. This court also ordered Grayson to appear before the court for a contempt hearing on June 5, 1997, at 1:30 p.m. She filed the return to the order to show cause on May 27, 1997, and appeared before the court on June 5, 1997.

The court finds Grayson has not complied with the court's order of April 23, 1997. The court also finds Grayson was aware of, and had the ability to comply with, that order, and her failure to do so was willful. Willful failure to comply with an order of the court constitutes contempt. (*In re Young* (1995) 9 Cal.4th 1052, 1053 [40 Cal.Rptr.2d 114, 892 P.2d 148]; Code Civ. Proc., § 1209, subd. (a)5.)

Grayson's failure to comply with the April 23, 1997, order of this court is an act occurring within the immediate view and presence of the court within the meaning of Code of Civil Procedure section 1211 (*In re Young, supra*, 9 Cal.4th at pp. 1053-1054), and constitutes a direct contempt.

The court finds Violet Elizabeth Grayson guilty of contempt of this court. Having been adjudged in contempt of the California Supreme Court, Violet Elizabeth Grayson is ordered to pay a fine of $1,000.

Pursuant to Business and Professions Code section 6086.7, the clerk is directed to notify the State Bar of this action by forwarding to the State Bar a copy of this judgment of contempt.