[No. S022481. Apr. 3, 2001.]

In re JEFFREY L. GARLAND on Contempt.
THE PEOPLE, Plaintiff and Respondent, v.
MARTIN ANTHONY NAVARETTE, Defendant and Appellant.

COUNSEL

Jeffrey L. Garland, in pro. per.; and Dennis A. Fischer for Jeffrey L. Garland.

OPINION

**THE COURT.**—On August 14, 1991, in Los Angeles County Superior Court, appellant Martin Anthony Navarette was sentenced to death. On August 24, 1994, this court appointed Jeffrey L. Garland to represent appellant in his automatic appeal, *People v. Navarette* (S022481, app. pending), and any related habeas corpus proceedings. The record on appeal was certified and filed with this court on December 10, 1997, and included a reporter's transcript of 2,604 pages and a clerk's transcript of 2,689 pages. This court informed Garland by letter dated December 10, 1997, that appellant's opening brief was due on January 20, 1998. This court thereafter granted requests for extensions of time to file appellant's opening brief on January 14, 1998, April 15, 1998, May 19, 1998, June 19, 1998, July 17, 1998, September 23, 1998, October 28, 1998, November 23, 1998, and December 30, 1998.

On February 26, 1999, we granted Garland's 10th request for an extension of time to file the opening brief to and including April 23, 1999, but stated in our order: "No further extensions of time are contemplated."

On May 12, 1999, we granted Garland's 11th request for an extension of time to file the opening brief to and including June 22, 1999, stating in our order that the extension was based on "Garland's April 22, 1999, declaration that he 'expect[s] to complete [his] draft of the substantive portions of the opening brief . . . within the next 60 days.' "

On July 1, 1999, we granted Garland's 12th request for an extension of time to file the opening brief to and including August 23, 1999, but stated once again: "No further extensions of time are contemplated."

On September 2, 1999, we granted Garland's 13th request for an extension of time to file the opening brief to and including November 22, 1999, but stated in our order: "No further extensions of time will be granted."

On November 23, 1999, Garland filed a 14th request for an extension of time to file appellant's opening brief. We denied the request on May 16, 2000.

On October 25, 2000, this court issued an order directing Garland to file appellant's opening brief on or before November 24, 2000, or "the court will consider issuing an order directing appellant's counsel to show cause before this court, when the matter is ordered on calendar, why counsel should not be held in contempt of court and further payments suspended or other sanction imposed for his delay in the appellate process occasioned by the 14 extensions of time to file the brief thus far granted." At that time, appellant's opening brief had been in default for nearly a year. Garland did not file the brief on or before November 24, 2000.

On December 20, 2000, this court ordered Garland to show cause before this court on February 7, 2001, "why he should not be held in contempt of court for the willful neglect of his duty to file the appellant's opening brief in this case, which we previously ordered to be filed on or before November 24, 2000." We also ordered Garland to file a return to the order to show cause on or before January 5, 2001. No return was filed. On January 12, 2001, this court denied Garland's request to postpone the February 7, 2001, contempt hearing and ordered Garland to file appellant's opening brief at the hearing on February 7, 2001.

Garland appeared before the court on February 7, 2001, but he had not completed appellant's opening brief and did not file the brief at the hearing. Instead, he lodged with the court a 262-page draft of the brief and asked for more time in which to complete the brief. On February 13, 2001, this court continued the order to show cause re contempt to April 3, 2001, and ordered Garland to file a return to the order to show cause on or before March 9, 2001. We further ordered Garland to complete the appellant's opening brief and lodge it with the court on or before March 23, 2001. Garland filed a return on March 9, 2001, as ordered, and lodged appellant's opening brief with the court on March 23, 2001, again as ordered. Garland then appeared before the court on April 3, 2001, and he was afforded an opportunity to explain why he had not complied with the court's October 25, 2000, and January 12, 2001, orders.

 The court finds Garland has not complied with the court's October 25, 2000, and January 12, 2001, orders. The court also finds Garland was aware of, and had the ability to comply with, those orders and that his failure to do so was willful. Willful failure to comply with an order of the court constitutes contempt. (*In re Grayson* (1997) 15 Cal.4th 792, 794 [64 Cal.Rptr.2d 102, 937 P.2d 645]; Code Civ. Proc., § 1209, subd. (a)5.)

Moreover, Garland's failures to comply with the October 25, 2000, and January 12, 2001, orders of this court were acts occurring within the

immediate view and presence of the court within the meaning of Code of Civil Procedure section 1211 and constitute direct contempt. (*In re Grayson, supra*, 15 Cal.4th at p. 794.)

The court finds Jeffrey L. Garland guilty of contempt of this court. Having been adjudged in contempt of the California Supreme Court, Jeffrey L. Garland is ordered to pay a fine of $500.