108 Cal.Rptr.2d 593 (2001)
25 Cal.4th 1176
25 P.3d 1075
In re Andrew E. RUBIN and Terrence V. Scott on Contempt.
The People, Plaintiff,
v.
Alfredo Prieto, Defendant.
No. S027555.
Supreme Court of California.
June 6, 2001.
Andrew E. Rubin, in pro. per.
Terrence V. Scott, in pro. per.
THE COURT.
On June 16, 1992, in San Bernardino County Superior Court, defendant Alfredo Prieto was sentenced to death. On January 12, 1996, Attorneys Andrew E. Rubin and Terrence V. Scott were appointed to represent defendant Alfredo Prieto in his automatic appeal and any related habeas corpus proceedings. The record on appeal was certified on May 14, 1999, and included a reporter's transcript of 18,074 pages and a clerk's transcript of 4,246 pages. The court informed Rubin and Scott by letter dated May 14, 1999, that the appellant's opening brief was due on June 23, 1999. The court thereafter granted requests for extensions of time to file appellant's opening brief on June 24, 1999, and September 2, 1999.
On March 15, 2000, we granted the People's "Motion for Correction of the Record on Appeal Following Superior Court Augmentation of the Record" and struck that portion of the record on appeal which incorporated the records of the cases of Prieto's codefendants. We also granted Rubin and Scott's request for an extension of time to file appellant's opening brief and extended the deadline for the brief "to and including May 15, 2000."
On June 12, 2000, we granted Rubin and Scott's fourth request for an extension of time to file the opening brief "to and including July 14, 2000," but stated in our order: "No further extensions of time are contemplated."
*594 On July 20, 2000, we granted a fifth request for an extension of time to file the opening brief "to and including September 12, 2000," but stated in our order: "No further extensions of time will be granted."
On September 11, 2000, Rubin and Scott filed a sixth request for an extension of time to file the opening brief. On September 20, 2000, Rubin and Scott submitted a supplemental declaration as requested by the court. In the declaration, Rubin averred "that the brief should be filed before the end of the year."
On October 17, 2000, we granted the sixth request for an extension of time "[b]ased solely on the representation of counsel Andrew R. Rubin that he will file appellant's opening brief in this matter `by the end of the year....'" Our order stated that "appellant's opening brief shall be served and filed on or before January 10, 2001." Our order further warned that "[i]f the brief is not filed by that date, the court will consider issuing an order directing appellant's counsel to show cause before this court, when the matter is ordered on calendar, why counsel should not be held in contempt of court and further payments suspended or other sanction imposed for his delay in the appellate process occasioned by the approximately 18-month extension of time thus far granted."
On or about December 20, 2000, Rubin and Scott filed a motion to decertify the record pursuant to rule 33.6 of the California Rules of Court and a request to suspend further proceedings pending our ruling on the motion. We denied the motion and request on January 10, 2001.
Rubin and Scott did not file the opening brief on or before January 10, 2001. Instead, on January 10, 2001, Rubin and Scott filed their seventh request for an extension of time to file the opening brief. We denied the request on January 30, 2001. In the same order, we issued an order for Rubin and Scott to show cause before this court on April 3, 2001, "why they should not be held in contempt of court for the willful neglect of their duty to file the appellant's Opening brief in this case, which we previously ordered to be filed on or before January 10, 2001." We also ordered Rubin and Scott to file a return on or before March 9, 2001. Rubin timely filed a return on March 9, 2001. Scott submitted a return and a motion for relief from default on March 16, 2001. We granted Scott's motion for relief from default and filed his return on March 22, 2001.
Rubin and Scott appeared before the court on April 3, 2001, but they had not completed appellant's opening brief and did not file the brief at the hearing. On April 3, 2001, we continued the order to show cause re contempt to June 2001, and ordered Rubin and Scott to complete appellant's opening brief and lodge it with the court, along with a request for relief from default and for permission to file the brief, on or before May 18, 2001. Rubin and Scott lodged appellant's opening brief and a request for relief from default and for permission to file the brief on May 18, 2001, as ordered. Rubin and Scott then appeared before the court on June 6, 2001, and they were afforded an opportunity to explain why they had not complied with the court's October 17, 2000, order.
The court finds Rubin and Scott have not complied with the court's October 17, 2000, order. The court also finds Rubin and Scott were aware of, and had the ability to comply with, that order, and that their failure to do so was willful. Willful failure to comply with an order of the court constitutes contempt. (In re Grayson (1997) 15 Cal.4th 792, 794, 64 Cal.Rptr.2d 102, 937 P.2d 645; Code Civ. Proc, § 1209, subd. (a)5.)
*595 Rubin and Scott's failure to comply with the October 17, 2000, order of this court is an act occurring within the immediate view and presence of the court within the meaning of Code of Civil Procedure section 1211, and constitutes a direct contempt. (In re Grayson, supra, 15 Cal.4th at p. 794, 64 Cal.Rptr.2d 102, 937 P.2d 645.)
The court finds Andrew E. Rubin and Terrence V. Scott guilty of contempt of this court. Having been adjudged in contempt of the California Supreme Court, Andrew E. Rubin and Terrence V. Scott are each ordered to pay a fine of $1,000.
Pursuant to Business and Professions Code section 6086.7, the clerk is directed to notify the State Bar of this action by forwarding to the State Bar a copy of this judgment of contempt.