[No. S009038. Jan 7, 2002.]

In re THOMAS L. RIORDAN and ROBERT M. SANGER on Contempt.
THE PEOPLE, Plaintiff and Respondent, v.
RICHARD DEAN TURNER, Defendant and Appellant.

**COUNSEL**

Thomas L. Riordan, in pro. per.

Robert M. Sanger, in pro. per.

**OPINION**

**THE COURT.**—On October 19, 1988, in San Bernardino County Superior Court, defendant Richard Dean Turner was sentenced to death. On September 12, 1991, Attorney Thomas L. Riordan was appointed as lead counsel to represent defendant Turner in his automatic appeal and any related habeas corpus proceedings; on June 26, 1992, Attorney Robert M. Sanger was appointed as associate counsel to represent defendant Turner in the same capacity. The record on appeal was certified on July 6, 1999, and included a reporter's transcript of 4,675 pages and a clerk's transcript of 3,303 pages, including approximately 1,755 pages of juror questionnaires. By letter on that same date, the court informed Riordan and Sanger that the appellant's opening brief was due on August 16, 1999. The court thereafter granted requests for extensions of time to file appellant's opening brief on August 20, 1999, October 21, 1999, December 23, 1999, February 28, 2000, April 18, 2000, and July 3, 2000.

On August 25, 2000, we granted Riordan and Sanger's seventh request for an extension of time to file the opening brief "to and including October 13, 2000," but stated in our order: "No further extensions of time are contemplated." On October 24, 2000, we granted an eighth request for extension of time to file the opening brief "to and including December 12, 2000," but stated in our order: "No further extensions of time will be granted." On December 12, 2000, Riordan and Sanger filed a ninth request for extension of time to file the opening brief, which the court denied on December 20.

On February 2, 2001, Sanger filed a request to reinstate the briefing schedule and grant an additional six months in which to submit the appellant's opening brief. On February 22, 2001, the court denied the request. On

February 21, 2001, Riordan filed a request to withdraw and "substitute in" Attorney Sanger as lead counsel. On June 13, 2001, the court denied the request "without prejudice, subject to the filing of a new and different application to withdraw after the filing of the appellant's opening brief and associate counsel Sanger's filing of a request to be designated as lead counsel of record."

On June 27, 2001, we directed that appellant's opening brief "shall be filed on or before July 31, 2001." Our order further warned that "[i]f the brief is not filed by that date, the court will consider issuing an order directing appellant's counsel, Thomas L. Riordan and Robert M. Sanger, to show cause before this court, when the matter is ordered on calendar, why counsel should not be held in contempt of court and further payments suspended or other sanction imposed for their delay in the appellate process occasioned by the eight extensions of time to file the brief thus far granted."

Riordan and Sanger did not file the opening brief on or before July 31, 2001. On August 15, 2001, the court issued an order for Riordan and Sanger to show cause before this court on a date to be determined in November 2001, "why they should not be held in contempt of court for the willful neglect of their duty to file the appellant's opening brief in this case, which we previously ordered to be filed on or before July 31, 2001." The court also ordered Riordan and Sanger to file a return on or before September 7, 2001. Both attorneys filed a timely return.

Riordan and Sanger appeared before the court on November 7, 2001, and were afforded an opportunity to explain why they had not complied with the court's June 27, 2001, order.

The court finds Riordan has not complied with the court's June 27, 2001, order. The court also finds Riordan was aware of and had the ability to comply with that order, and his failure to do so was willful. Willful failure to comply with an order of the court constitutes contempt. (*In re Grayson* (1997) 15 Cal.4th 792, 794 [64 Cal.Rptr.2d 102, 937 P.2d 645]; Code Civ. Proc., § 1209, subd. (a)5.)

Riordan's failure to comply with the June 27, 2001, order of this court is an act occurring within the immediate view and presence of the court within the meaning of Code of Civil Procedure section 1211, and constitutes a direct contempt. (*In re Grayson, supra,* 15 Cal.4th at p. 794.)

The court finds Thomas L. Riordan guilty of contempt of this court. Having been adjudged in contempt of the California Supreme Court, Thomas L. Riordan is ordered to pay a fine of $1,000.

Pursuant to Business and Professions Code section 6086.7, the clerk is directed to notify the State Bar of this action by forwarding to the State Bar a copy of this judgment of contempt.