Filed 9/26/13  Marriage of Rubtsov CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of ULYANA RUBTSOVA and IVAN RUBTSOV. | B238855 |
| | (Los Angeles County Super. Ct. No. BD484894) |
| ULYANA RUBTSOVA, | |
| Respondent, | |
| v. | |
| IVAN RUBTSOV, | |
| Appellant; | |
| AMY L. NEIMAN et al., | |
| Objectors and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County,

Michael J. Convey, Judge.  Affirmed.

Ivan Rubtsov, in pro. per., for Appellant.

No appearance for Respondent.

Law Office of Joseph A. Pertel and Joseph A. Pertel for Objector and Respondent Amy L. Neiman.

A|D|Y Law Group, A. David Youssefyeh and Liza Youssefyeh for Objector and Respondent Ruth Estep.

_____

Ivan Rubtsov initiated contempt proceedings against minors' counsel Amy L. Neiman and Ruth Estep in a family law proceeding by filing orders to show cause for contempt. He alleges that Neiman and Estep violated orders requiring them to arrange visitation with two of his minor children and between those two children and a third minor child. The trial court granted minors' counsel's motions to discharge the orders to show cause and granted their special motions to strike the orders to show cause. Rubtsov appeals the order granting those motions.

Rubtsov contends the special motions to strike were untimely and the trial court erred in its ruling on the merits of the special motions to strike and the motions to discharge. He also contends the court had no jurisdiction to award attorney fees to Neiman and Estep as the prevailing parties on the special motions to strike, and the amounts awarded are excessive. After a review of the record, we reject these contentions and hold that the trial court did not err. We therefore will affirm the trial court's order.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Custody and Visitation Orders*

Ulyana Rubtsova (Ulyana)[1] commenced the underlying marital dissolution and child custody proceeding in May 2008. The trial court awarded primary custody of the two younger minor children, Varvara and Ivan, to Ulyana on August 18, 2009, while

---

[1] In order to avoid confusion and for the sake of clarity, we will refer to Ulyana Rubtsova by her first name. In doing so, we intend no disrespect or undue familiarity.

3

awarding temporary physical custody of the eldest minor child, Vassilisa, to Rubtsov. The court issued the following order concerning visitation at that time:

"[Rubtsov] shall have monitored visitation with Varvara and Ivan at a time to be arranged through counsel. Vassilisa shall be present during said monitored visits so she may interact with her siblings."

Neiman was appointed counsel for the two younger siblings on August 29, 2009, succeeding another attorney. Estep apparently was appointed counsel for the eldest sibling on the same date.

Rubtsov petitioned this court for a writ of mandate in September 2009, challenging the order of August 18, 2009, as an improper ex parte order and an abuse of discretion. We summarily denied the petition on October 22, 2009 (*Rubtsov v. Superior Court (Rubtsova)*, (B218934). Rubtsov petitioned this court for a writ of mandate again in April 2010, seeking to disqualify the trial judge and invalidate all orders made by the trial judge after May 26, 2009. We summarily denied the petition on May 4, 2010 (*Rubtsov v. Superior Court (Rubtsova)* (B223791)).

The trial court issued an order on April 30, 2010, stating:

"Minor's counsel shall cooperate in [Rubtsov] having visitation with the [minor] children." (Capitalization omitted.)

A visitation order dated October 15, 2010, is not included in the record on appeal, but is described by counsel as stating:

"[Rubtsov] shall have once a week, professionally monitored visitation with Varvara and Ivan. [Rubtsov's] monitored visitations shall be arranged through counsel,

4

and Vassilisa will also be present during this period of time to interact with her sibilings."

2.      *Orders to Show Cause for Contempt*

Rubtsov filed an Order to Show Cause and Affidavit for Contempt against Neiman on August 17, 2011. He alleges that Neiman violated visitation orders by creating impediments to contacts between the siblings and with their father, refusing to arrange any visitation for a period of 30 weeks, and intimidating and emotionally abusing the minor children and their mother. He alleges 87 contempt counts against Neiman in a 594-page attachment to the Judicial Council form Order to Show Cause and Affidavit for Contempt.

Rubtsov filed an Order to Show Cause and Affidavit for Contempt against Ruth Estep on August 22, 2011, containing similar allegations and alleging 64 contempt counts. Neiman was relieved as minor's counsel on August 23, 2011, at her own request.

3.      *Motions to Discharge and Special Motions to Strike*

Neiman filed a motion to discharge the order to show cause in December 2011. She argued that because she had not yet been appointed minor's counsel as of August 18, 2010, she could not be in contempt of the order of that date. She also argued that the orders that visitation "be arranged through counsel" and that "Minor's counsel 'shall *cooperate* in [Rubtsov] having visitation with the minor children' " were not sufficiently specific to support a contempt finding. She argued that it was not clear whether the orders that visitation "be arranged through counsel" were directed at

5

minor's counsel at all and that the order that " 'minor's counsel shall cooperate in [Rubtsov] having visitation with the minor children' " did not direct minor's counsel to take any particular action.

Neiman also filed a special motion to strike the order to show cause on December 1, 2011. She argued that the contempt proceeding against her arose from her protected free speech and advocacy activities on behalf of her clients She argued that Rubtsov could not establish a probability of prevailing on his claims because (1) the orders were not sufficiently specific to support a contempt finding and (2) she had made reasonable efforts to help arrange visitation.

Neiman filed her own declaration describing efforts by Damon Duval, the father in another family law proceeding in which Neiman was appointed minor's counsel, to harass her by carrying a sign stating "DOES LAWYER AMY L NEIMAN CONDONE PEDOPHILIA?" in front of the Santa Monica Courthouse, across the street from her office, for a period of nine months. She declared that Duval was associated with Rubstov and that she was served with the order to show cause while in a conference room for an appointment that she had with Duval. The order to show cause papers were in a large gift bag with a gift card attached. An unknown man who had been waiting in the conference room dropped the bag at her feet.

Estep also moved to discharge the order to show cause and filed a special motion to strike the order to show cause, apparently on December 12, 2011. Her moving papers are not included in the appellate record. Rubtsov opposed both motions by Neiman and both motions by Estep.

6

4.    *Order Granting the Motions to Discharge and Special Motions to Strike*

The trial court granted the motions to discharge and the special motions to strike. The minute order of January 9, 2012, granting the motions referred to the "ruling on the record this date as fully reflected in the notes of the official Court Reporter."

The trial court stated on the record at the hearing that minors' counsel were neither parties to the action nor attorneys for a party to the action, because the children were not parties to the action, so minors' counsel could not be held in contempt. The court also stated that the orders were not sufficiently specific to support a contempt finding and, "[f]urther, court finds that the orders to which they are being charged with contempt are void and are general and uncertain or ambiguous such that they couldn't be enforced against minors' counsel, and no liberal amendment of the charging document can correct that defect." The court therefore granted the motions to discharge the orders to show cause.

The trial court also stated at the hearing that it was exercising its discretion to consider the special motions to strike filed more than 60 days after service of the challenged pleadings, citing our opinion in *Chitsazzadeh v. Kramer & Kaslow* (2011) 199 Cal.App.4th 676 (*Chitsazzadeh*). The court concluded that "statements made by counsel in litigation" were protected conduct under Code of Civil Procedure section 425.16, subdivision (e), items (1) and (2), and that the conduct by minors' counsel was not "per se criminal" or otherwise unprotected under the anti-SLAPP

statute.[2]  The court also found that Rubtsov had failed to establish a probability of prevailing for the reasons stated *ante*.  The court scheduled a hearing on a motion for attorney fees to the prevailing parties on the special motion to strike.

5.    *Appeal*

Rubtsov timely appealed the order granting the motions to discharge and the special motions to strike.[3]

*CONTENTIONS*

Rubtsov contends (1) the orders of August 18, 2009, and October 15, 2010, were valid and are not void, and Neiman and Estep were obligated to comply with them; (2) the trial court erred by considering the special motions to strike filed more than 60 days after service of the orders to show cause; (3) the challenged conduct was illegal as a matter of law and therefore is not protected under the anti-SLAPP statute; (4) the challenged conduct did not involve any written or oral statement described in section 425.16, subdivision (e); (5) the special motions to strike should have been denied for several other reasons set forth in Rubtsov's papers filed in the trial court, which he attempts to incorporate by reference in his appellant's opening brief; (6) the court lacked jurisdiction to award attorney fees after granting the special motion to strike; and (7) the trial court failed to consider his income and expense declaration in

---

[2]    All statutory references are to the Code of Civil Procedure unless otherwise specified.  Section 425.16 is known as the anti-SLAPP statute.

[3]    Rubtsov did not appeal the later order awarding attorney fees.

determining his ability to pay the attorney fee awards, failed to properly allocate fees, and failed to specify the reasons for the fee awards as required.

## *DISCUSSION*

1.	*The Court Properly Granted the Motions to Discharge*

a.	*Legal Framework*

Section 1209, subdivision (a) lists acts or omissions constituting contempt of court, including, "[d]isobedience of any lawful judgment, order, or process of the court." (*Id.*, subd. (a), par. (5).) "Willful failure to comply with an order of the court constitutes contempt. [Citations.]" (*In re Riordan* (2002) 26 Cal.4th 1235, 1237.) The essential elements of contempt are, generally, (1) a valid order, (2) knowledge of the order, (3) ability to comply with the order, and (4) willful failure to comply with the order. (*In re Ivey* (2000) 85 Cal.App.4th 793, 798.)

A proceeding to adjudicate an indirect contempt, meaning a contempt that was not committed in the immediate view and presence of the court, is initiated by filing an affidavit of facts constituting the contempt. (§ 1211; see Fam. Code, § 292.) Upon the filing of such an affidavit, the court must issue an order to show cause requiring the cited person to appear in court and be heard on the charge. (§ 1212.) A contempt proceeding involving the alleged violation of a civil order is quasi-criminal in nature because of the potential punishment. (*People v. Gonzalez* (1996) 12 Cal.4th 804, 816; see § 1218.) A cited person challenging the sufficiency of the affidavit to support a contempt charge, the sufficiency of an order to support a contempt finding or the validity of the order may file a motion to discharge the contempt citation. (See

9

Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2013) ¶ 18:204 et seq., pp. 18-74 to 18-75.)

A court order must be clear, specific and unequivocal to support punishment for contempt. (*In re Marcus* (2006) 138 Cal.App.4th 1009, 1014.) " 'Any ambiguity in a decree or order must be resolved in favor of an alleged contemnor.' [Citation.]" (*Id.* at p. 1015.) Moreover, "not every violation of a court order is subject to punishment as a contempt of court." (*In re Nolan W.* (2009) 45 Cal.4th 1217, 1230.) Instead, punishment for contempt is reserved for violations that "impair the dignity or functioning of the court." (*Id.* at p. 1231.)

b. *The Visitation Orders Were Not Sufficiently Specific to Support A Contempt Finding*

The visitation orders state that Rubtsov is to have monitored visitation with his two younger children "at a time to be arranged through counsel," "Minor's counsel shall cooperate in [Rubtsov] having visitation with the [minor] children," and "[Rubstov's] monitored visitations shall be arranged through counsel . . . . " This language generally contemplates and requires cooperation by all counsel, including minors' counsel, in arranging Rubtsov's visitation with his minor children, but does not impose on minors' counsel a clear and *specific* obligation as necessary to support punishment for contempt. The alleged violations of these orders do not impair the dignity or functioning of the

10

court and are not an appropriate basis for contempt of court. We therefore conclude that the trial court properly granted the motions to discharge the orders to show cause.[4]

2.      *The Court Properly Granted the Special Motions to Strike*

a.      *Legal Framework*

A cause of action is subject to a special motion to strike if the defendant shows that it arises from an act in furtherance of the defendant's constitutional right of petition or free speech in connection with a public issue and the plaintiff fails to demonstrate a probability of prevailing on the claim. (§ 425.16, subd. (b)(1); *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) On appeal, we independently review both of these determinations. (*Hall v. Time Warner, Inc.* (2007) 153 Cal.App.4th 1337, 1345-1346.)

An " 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' " is defined by statute to include "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the

---

[4]      In light of our conclusion, we need not address Rubtsov's contention that the trial court erred by declaring the orders void.

11

constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

A plaintiff establishes a probability of prevailing on the claim by showing that the complaint is legally sufficient and supported by a prima facie showing of facts that, if proved at trial, would support a judgment in the plaintiff's favor. (*Taus v. Loftus* (2007) 40 Cal.4th 683, 713-714.) The court cannot weigh the evidence, but must determine as a matter of law whether the evidence is sufficient to support a judgment in the plaintiff's favor. (*Ibid.*) The defendant can defeat the plaintiff's evidentiary showing, however, by presenting evidence that establishes as a matter of law that the plaintiff cannot prevail. (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821.)

"Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute— i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.)

"A special motion to strike must be filed within 60 days after service of the complaint on the defendant, unless the trial court exercises its discretion to consider a later-filed motion. (§ 425.16, subd. (f).)" (*Chitsazzadeh*, *supra*, 199 Cal.App.4th at p. 682.) "[A] court has the discretion to consider, and grant or deny on the merits, a special motion to strike filed after the 60-day deadline even if the moving defendant fails to request leave of court to file an untimely motion." (*Id.* at p. 684.) Accordingly,

12

we review for abuse of discretion the decision to consider on the merits a special motion to strike filed after the 60-day deadline.

"An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice. [Citations.] This standard of review affords considerable deference to the trial court provided that the court acted in accordance with the governing rules of law. We presume that the court properly applied the law and acted within its discretion unless the appellant affirmatively shows otherwise. [Citations.]" (*Mejia v. City of Los Angeles* (2007) 156 Cal.App.4th 151, 158.)

b. *The Court Properly Considered the Special Motions to Strike*

A trial court has the discretion to consider a special motion to strike filed after the 60-day deadline even if the moving party fails to request leave of court to file an untimely motion, as we have stated. (*Chitsazzadeh*, *supra*, 199 Cal.App.4th at p. 684.) A trial court can terminate meritless litigation on a special motion to strike, thus serving the salutary purposes of the anti-SLAPP statute, only if it considers the motion on the merits. For this reason, we believe that, generally, it is reasonable and not an abuse of discretion for a trial court to consider an untimely special motion to strike if it appears to have merit, as here. Having reviewed the record in this case, we conclude that Rubtsov has shown no abuse of discretion in the trial court's decision to consider the special motions to strike on their merits.

13

c.   *The Conduct at Issue Was Not "Illegal as a Matter of Law"*

Rubtsov contends Neiman and Estep willfully violated the visitation orders, so their conduct was illegal and cannot be protected activity under the anti-SLAPP statute under the rule from *Flatley v. Mauro* (2006) 39 Cal.4th 299 (*Flatley*).  "The California Supreme Court in *Flatley* held that the anti-SLAPP statute does not protect speech or petitioning activity that is conclusively shown or conceded to be 'illegal as a matter of law' and therefore not a valid exercise of the constitutional right of petition or free speech.  (*Id.* at pp. 317, 320.)  *Flatley* stated, 'because not all speech or petition activity is constitutionally protected, not all speech or petition activity is protected by section 425.16.  [Citation.]'  (*Id.* at p. 313.)  *Flatley* also stated, 'a defendant whose assertedly protected speech or petitioning activity was illegal as a matter of law, and therefore unprotected by constitutional guarantees of free speech and petition, cannot use the anti-SLAPP statute to strike the plaintiff's complaint.'  (*Id.* at p. 305.)

"The rule from *Flatley*, *supra*, 39 Cal.4th 299, concerns the first step of the two-step inquiry under the statute.  A defendant moving to strike the plaintiff's complaint under the anti-SLAPP statute cannot show that the plaintiff's cause of action arises from an act in furtherance of the defendant's protected speech or petition rights if the evidence conclusively establishes as matter of law, or the defendant concedes, the illegality of the defendant's conduct on which the cause of action is based.  (*Id.* at pp. 316, 320.)  If there is a factual dispute as to the illegality of the defendant's conduct, however, the court cannot conclude that the conduct was illegal as a matter of law and must proceed to the second step to determine whether the defendant has established

14

a probability of prevailing.  (*Id.* at p. 316.)"  (*Fremont Reorganizing Corp. v. Faigin* (2011) 198 Cal.App.4th 1153, 1168.)

Thus, conduct is "illegal as a matter of law" for purposes of the rule from *Flatley*, *supra*, 39 Cal.4th 299, and therefore is not protected activity under the anti-SLAPP statute, only if the evidence presented on the motion conclusively establishes as a matter of law, or the defendant concedes, the illegality of the defendant's conduct on which the action in based.  The evidence here falls far short of conclusively establishing as a matter of law that Neiman and Estep violated the visitation orders, and they have not conceded the point.  We therefore conclude that the rule from *Flatley* is inapplicable.

d.      *The Contempt Proceedings Arise From Protected Activity*

Protected activity under the anti-SLAPP statute includes "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law."  (§ 425.16, subd. (e), item (2).)  The contempt counts against Neiman and Estep are based on their conduct in arranging or failing to arrange visits.  Such alleged conduct involved their communication with Rubtsov and others concerning court-ordered visitation, which necessarily involved written or oral statements by Neiman and Estep.  We conclude that the contempt counts arise from such written or oral statements.  In our view, visitation was, and continues to be, an issue under consideration or review by the trial court during the entire pendency of the family law proceeding.  We therefore conclude that the contempt proceedings arise from an issue

15

under consideration or review by a judicial body and that the first prong of the anti-SLAPP statute is satisfied.

### e. *Rubtsov Failed to Establish a Probability of Prevailing*

Our conclusion that the visitation orders cannot support a contempt of court as a matter of law also compels the conclusion that Rubtsov failed to establish a probability of prevailing on his claims. The trial court properly granted the special motions to strike.[5]

### 3. *Rubtsov Has Shown No Error in the Attorney Fee Awards*

A defendant prevailing on a special motion to strike is entitled to an attorney fee award. (§ 425.16, subd. (c)(1); *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131.) An appeal from an order denying a special motion to strike automatically stays, during the pendency of the appeal, all trial court proceedings on the merits of a cause of action affected by the motion.[6] (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 191, 194-195 & fn. 8.) An appeal, however, does not stay proceedings on ancillary or collateral matters that do not affect the appealed order or judgment. (*Id.* at p. 191.) An attorney fee award to a prevailing defendant is collateral to the merits and is not stayed by the appeal of an order granting or denying a special motion to strike.

---

[5] We need not address other arguments asserted in the trial court that Rubtsov attempts to incorporate by reference in his appellant's opening brief. Such incorporation by reference is improper and will be disregarded. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 294, fn. 20.)

[6] Of course, the trial court here granted the special motion to strike, rather than deny it.

16

(*Carpenter v. Jack in the Box Corp.* (2007) 151 Cal.App.4th 454, 461; *Doe v. Luster* (2006) 145 Cal.App.4th 139, 144.) Contrary to Rubtsov's argument, the trial court retained jurisdiction to award attorney fees.

The record on appeal does not include the moving and opposing papers on the motions for attorney fees, a reporter's transcript of the hearing on the motions, or the order ruling on the motions. We therefore have no means of reviewing the rulings.[7]

An appealed judgment or order is presumed correct, a reviewing court must indulge all intendments and presumptions in favor of the judgment or order on matters on which the record is silent, and the appellant must affirmatively demonstrate error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Accordingly, if an appellant fails to provide an adequate record for the reviewing court to determine both that an error occurred and that the error was prejudicial, we must affirm. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575.) The absence of any record of the proceedings on the fee motions prevents us from determining whether the trial court erred, requires us to invoke the presumption in favor of the trial court's rulings, and precludes a reversal.

---

[7] Rubtsov did not appeal the order awarding attorney fees. We need not decide whether that order was separately appealable or whether it is reviewable on appeal from the prior order granting the special motion to strike because we conclude that Rubtsov's failure to provide an adequate record precludes any reversal of the order.

### DISPOSITION

The order granting the motions to discharge and the special motions to strike is affirmed.  Neiman and Estep shall recover their costs on appeal.


***NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS***


CROSKEY, J.

WE CONCUR:



KLEIN, P. J.



KITCHING, J.